

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00044-CR

WILLIE SILLIMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. CC-2024-CR-1440, Honorable Tom Brummett, Presiding

July 27, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Willie Silliman, appeals from his conviction for the Class A misdemeanor offense of assault family violence.[1] The trial court sentenced him to 365 days of confinement, suspended, and imposed a $100 family violence fine and $405 in court costs. Appellant raises two issues, both concerning how the trial court handled evidence related to a prior April 2024 altercation with his wife. He argues that the trial court erred

---

[1] *See* TEX. PENAL CODE § 22.01.

by permitting testimony about the April incident after excluding certain related items for a discovery violation. He also contends that the trial court erred by allowing the jury to view a portion of body-camera video that referenced the April incident. Because the trial court did not abuse its discretion, we affirm.

## BACKGROUND

In May 2024, two officers responded to a domestic-disturbance call. They met Appellant in his garage. Appellant was cooperative. He told the officers that he and his wife had argued. Appellant had a black eye but declined to discuss it. A third officer arrived to remain with Appellant while the first two went to locate his wife.

They found her at a neighbor's house down the street. She appeared upset. She told the officers that she and Appellant had fought and that he had hit her. She had swelling on her face. Both Appellant and his wife referenced an altercation the month before when police had also been dispatched. Appellant told the officers that he had left the house on that earlier occasion and did not intend to leave this time. The officers determined the parties needed to be separated, and they arrested Appellant. The State initially charged him with continuous assault family violence but later amended the complaint and information to charge assault family violence based only on the May incident.

Before trial, Appellant filed a request under Texas Code of Criminal Procedure article 39.14 and a request for notice of extraneous offenses, seeking records, reports, and other evidence the State intended to introduce at trial. The State did not timely produce some materials. As a sanction, the trial court initially excluded the April incident's

2

police report, the 911 call, the April body-camera footage, and calls between the wife and the detective assigned to the April incident. The court also excluded recordings of jail calls Appellant made to his wife after his arrest.

At trial, Appellant's wife recanted her earlier statements and characterized herself as the aggressor. Over Appellant's continuing objections, the State elicited limited testimony from her about the April incident. The trial court admitted this testimony under article 38.371.[2] Any use of the excluded materials to refresh the witness's recollection took place outside the jury's presence; the excluded items themselves were never played for, or shown to, the jury.

The jury returned a guilty verdict, and this appeal followed.

## ANALYSIS

Appellant brings two issues. Both challenge how the trial court handled evidence connected to the April altercation. We review evidentiary rulings for abuse of discretion. A trial court abuses its discretion only when its ruling falls outside the zone of reasonable disagreement. *State v. Heath*, 696 S.W.3d 677, 688–89 (Tex. Crim. App. 2024). We do not substitute our judgment for the trial court's. *Id.* If the ruling falls within that zone, we will not intercede. *Id.*

## A. TESTIMONY ABOUT THE APRIL INCIDENT

We construe Appellant's first issue to be that the trial court abused its discretion by allowing testimony about the April incident when the otherwise-excluded evidence was

---

[2] *See* TEX. CODE CRIM. PROC. art. 38.371.

used to refresh the wife's recollection.[3]  Article 39.14 of the Code of Criminal Procedure imposes a duty on the State to produce discovery "as soon as practicable after receiving a timely request from the defendant."  TEX. CODE CRIM. PROC. art. 39.14(a).  The statute prescribes no specific remedy for a violation.  *Heath*, 696 S.W.3d at 707–08 (holding that a trial court possesses the discretion to "fashion a remedy it deem[s] appropriate" as sanction for article 39.14 violation).  Here, the trial court identified specific items the State had failed to disclose and excluded its admission.

Nothing in article 39.14 required the trial court to go further.  Appellant identifies no authority extending a fruit-of-the-poisonous-tree theory to article 39.14; a sister court has rejected that very argument.  *See Humphries v. State*, No. 11-22-00271-CR, 2024 Tex. App. LEXIS 5287, at *9–10, 5 (Tex. App.—Eastland July 25, 2024, no pet.) (holding that witness testimony about an event was "not offensive to the State's [discovery] responsibilities" even though the trial court had excluded related evidence under article 39.14).  Article 38.371, meanwhile, permits the State to offer testimony or evidence relevant to assisting the trier of fact in determining whether Appellant committed family violence, "including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim."  TEX. CODE CRIM. PROC. art. 38.371(b).  The trial court possessed discretion to exclude certain sanctioned items under article 39.14 and, at the same time, admit testimony independently admissible under article 38.371.

That is what happened here.  Appellant's wife recanted her earlier statements at trial and cast herself as the aggressor.  Limited testimony about the parties' relationship,

---

[3] Appellant's argument that the State committed prosecutorial misconduct was not brought at trial. Appellant has therefore failed to preserve that issue.  *See* TEX. R. APP. P. 33.1(a).

including the April incident, helped the jury weigh her conflicting accounts. *See* TEX. CODE CRIM. PROC. art. 38.371.

The record also confirms the trial court kept the two rulings distinct. When the State refreshed the complainant's recollection with excluded materials, that refreshment occurred outside the jury's presence, consistent with Texas Rule of Evidence 612. The excluded items were never published to the jury. The trial court sustained several defense objections when the State approached the outer edge of the ruling.

We overrule Appellant's first issue.

## B. THE BODY CAM VIDEO

Appellant's second issue challenges a portion of the May body-camera video in which Appellant and his wife referenced the April altercation. As we understand his argument, Appellant is contending that admission violated article 39.14 and Texas Rule of Evidence 403. Neither argument succeeds.

The article 39.14 point resolves quickly. The May video was produced within the discovery deadlines. Appellant does not challenge that determination. He knew of the video and its contents well in advance of trial. The trial court expressly excepted the references contained within the timely-disclosed May video from its exclusion order.

Rule of Evidence 403 permits a trial court to exclude relevant evidence "if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly

5

presenting cumulative evidence." (Emphasis added).[4] The rule favors admission of relevant evidence and calls for exclusion only when there is a "clear disparity" between the offered evidence's prejudice and its probative value. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). That principle carries particular force in "he said, she said" cases resolved on the testimony of the complainant and the defendant. *Id.*

When assessing proffered evidence against Rule 403, the trial court balances (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The probative-value side of the balance is substantial here. The relationship evidence bore directly on the disputed facts, and the State's need for it was considerable. The complainant recanted her earlier statements at trial and cast herself as the aggressor. Once she did, context about the parties' relationship became the principal means by which the jury could evaluate her competing accounts. *See Gigliobianco*, 210 S.W.3d at 641–42; Tex. Code Crim. Proc. art. 38.371.

---

[4] Appellant does not contend the evidence is irrelevant.

6

The countervailing dangers in showing the video, by contrast, were modest. The references to the April incident did not suggest a decision on an improper basis. The prior acts referenced in the video were no more serious than the charged offense, and the video did not describe them in detail. Nor did the references pose any meaningful risk of confusing or misleading the jury. They were neither scientific nor complex. *See Luna*, 687 S.W.3d 79, 104 (Tex. App.—Eastland 2024, pet ref'd). And because the references came in through a lay witness's straightforward account, the jury was equipped to weigh them. Finally, there is no argument that the video's brief references consumed an inordinate amount of time or duplicated other evidence.

Weighed together, the probative force of the relationship evidence, combined with the State's heightened need for it after the recantation, was not substantially outweighed by any Rule 403 danger. The trial court did not abuse its discretion in allowing the jury to see the body cam video.

Independently, Appellant does not advance an argument showing how he was harmed by any Rule 403 violation.[5] He presents "no argument, discussion, analysis, or authoritative citations that assert or support any contention on appeal that he was harmed by the trial court's admission of the complained-of extraneous-offense evidence." *Luna v. State*, 687 S.W.3d at 101. That omission means he cannot show reversible error. *See* TEX. R. APP. P. 44.2(b); *see also Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (en banc) (finding briefing waiver for failing to address harm).

---

[5] Appellant's harm argument only pertains to article 39.14, except for a single conclusion that allowing the jury to view the video created a "trial by ambush" situation and violated due process. He does not support his statement with any authority or evidence.

We conclude that the trial court did not abuse its discretion when it admitted the video evidence.  We overrule Appellant's second issue

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


Lawrence M. Doss
Justice

Do not publish.

8